**DAO QING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2529–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Andrew M. McNeela, Sean H. Lane, Assistant United States Attorneys, New York, New York, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Dao Qing Chen petitions for review of the BIA's October 2004 denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

It is apparent that the brief prepared for Chen by her counsel was written using the facts from another case. The brief refers to an *in absentia* order, Chen's "wife's" asylum application, and ineffective assistance of counsel, none of which are present in the record. As a result of counsel's wanton carelessness in representing her client, Chen's brief did not challenge the BIA's findings with regard to the time limitations set forth in the regulations, nor did she challenge the BIA's finding with regard to "changed country conditions." Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Even if we were to consider Chen's arguments, it is clear that Chen's motion to reopen was untimely because it was not filed within the 90–day deadline and any "changed circumstance" did not occur in China. *See Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).